**Lillian JOHNSON and Samuel Johnson, Appellants,**

v.

**STATE SECURITY INSURANCE COMPANY, Respondent.**

**No. 38547.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer Denied Jan. 18, 1978.

Application to Transfer Denied
March 13, 1978.

---

Raymond Howard, Jr., St. Louis, for appellants.

Hiram W. Watkins, Clayton, for respondent.

CLEMENS, Presiding Judge.

Equitable garnishment arising out of a previous action for damages. Plaintiffs got a default judgment against George Smith, who then carried liability insurance with the present defendant. The trial court found against plaintiffs on the ground Smith had breached a policy condition by failing to deliver suit papers to his insurer, the present defendant, as required by his policy.

The narrow issue raised by plaintiffs on appeal is that there is no evidence the applicable 1973 policy required Smith to deliver suit papers to his insurer.

Plaintiffs pleaded they had been injured in a collision with Smith's automobile on September 14, 1973, and that Smith was then covered by defendant's liability policy. Defendant admitted the policy was in effect, subject to policy conditions, but pleaded Smith had breached the policy condition that he promptly deliver to defendant any process served on him. Plaintiffs had no evidence Smith had ever done so, and defendant's evidence, including that of Smith, was that he had not.

Plaintiffs now contend trial testimony concerning the policy's notice-to-insurer condition concerned Smith's 1974 policy, not the 1973 policy in issue. We do not agree.

Defendant's claims manager identified its file and policy without specific reference to date. Upon inquiry about the policy's "condition # 3," *plaintiffs'* counsel declared: "Let the record show that it's under the heading of Conditions and it's on page 4. It's under Conditions, Paragraph 3, indicated as Notice in the Event of An Accident Occurrence or Loss. . . . He shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." On cross examination the witness acknowledged he was testifying from Smith's "cover sheet" dated 1974. He explained that Smith's 1973 policy had been renewed for 1974 and the policy conditions were the same: "Question: This particular cover sheet that you call conditions pertains to his coverage then, for the year of '73 to '74, isn't that correct? Answer: Yes."

We cannot accept plaintiffs' contention that there was no evidence of a policy condition requiring Smith to notify defendant he had been sued. The fragile basis for plaintiffs' contention is that evidence of the policy condition concerned Smith's 1974 policy.

Viewing the record as a whole, we deny plaintiffs' contention. The pleadings alleged a 1973 liability policy. Defendant's claims manager testified from his file as to Smith's coverage "concerning an accident . . . of 1973." On cross examination plaintiffs' counsel read into the record the policy condition requiring delivery of process. Later, the claims manager acknowledged that he had read from defendant's renewal 1974 cover sheet, but explained that was the same condition in Smith's 1973 policy.

Defendant's liability as garnishee depended upon the policy condition that the insured notify it of plaintiffs' suit against insured, George Smith. There being no compliance with that condition, defendant was not liable. *Greer v. Zurich Insurance Company*, 441 S.W.2d 15, 20, 21 (Mo.1969).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.